**JIN BIAO QIU, Petitioner,**

v.

**U.S. DEPARTMENT OF HOMELAND
SECURITY, Respondent.**

No. 05–6708–ag.

United States Court of Appeals,
Second Circuit.

July 26, 2006.

David X. Feng, New York, New York,
for Petitioner.

Donald W. Washington, United States
Attorney for the Western District of Louisiana, Janice E. Hebert, Assistant United
States Attorney, Lafayette, Louisiana, for
Respondent.

Present: Hon. PIERRE N. LEVAL,
Hon. GUIDO CALABRESI, Hon. SONIA
SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Jin Biao Qiu petitions for review the
BIA's November 21, 2005 denial of his
motion to reopen his deportation proceedings. We assume the parties' familiarity
with the facts and procedural history of
this case.

This Court reviews the BIA's denial of a
motion to reopen for abuse of discretion.
*See Kaur v. BIA,* 413 F.3d 232, 233 (2d
Cir.2005). An abuse of discretion may be
found where the BIA's decision "provides
no rational explanation, inexplicably departs from established policies, is devoid of
any reasoning, or contains only summary
or conclusory statements; that is to say,
where the Board has acted in an arbitrary
or capricious manner." *Ke Zhen Zhao v.
DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in
denying Qiu's motion to reopen. Although
Qiu submitted a timely petition for review
from the BIA's denial of his third motion
to reopen, he failed to file timely petitions
for review from the BIA's previous two
decisions. Qiu may not obtain review of
the BIA's orders denying his first two
motions to reopen, without having filed
timely petitions for review of them. *See
Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct.
1537, 131 L.Ed.2d 465 (1995).

Qiu did not challenge the BIA's findings
with regard to the time and numerical
limitations set forth in the regulations, nor
did he challenge the BIA's denial of his
motion to reopen/reconsider *sua sponte.*
Issues not sufficiently argued in the briefs
are considered waived and normally will
not be addressed on appeal. *See Yueqing
Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1,
546 n. 7 (2d Cir.2005). The record also
shows no error in the BIA's conclusion
that Qui did not adequately prove ineffectiveness of counsel to justify his late filing.

For the foregoing reasons, the petition
for review is DENIED.